UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN DALE EPPERSON, III,<br><br>Petitioner,<br><br>v.<br><br>SOLANO COUNTY JAIL, et al.,<br><br>Respondents. | No. 2:21-cv-0577 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

 Petitioner, a county jail inmate proceeding pro se, seeks habeas relief pursuant to 28 U.S.C. § 2254 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. ECF Nos. 1, 7. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

 For the reasons stated below, petitioner's application to proceed in forma pauperis will be granted. However, the undersigned recommends that the petition be dismissed on screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases, for lack of habeas jurisdiction and failure to state a claim for which habeas relief may be granted.

 I. IN FORMA PAUPERIS APPLICATION

 Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. See Epperson I, ECF No. 7. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

II.   THE PETITION

The instant petition was docketed on March 29, 2021.  See Epperson I, ECF No. 1.  It names "Solano County Jail" and "Stanton Medical" as respondents, and it appears to allege that these entities violated petitioner's Eighth Amendment rights to be free from cruel and unusual punishment and deliberate indifference to serious medical need in relation to the treatment of petitioner's hernia and what petitioner believes to be bleeding ulcers..  See id. at 1, 3.  Petitioner seeks $25,000.00 in damages.  See id. at 3.

III.   DISCUSSION

The court is required to screen all habeas petitions upon filing, and to summarily dismiss "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing Section 2254 Cases.  A person in custody pursuant to the judgment of a state court can obtain a federal writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  The court must also dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or that fail to state a basis on which habeas relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

Claims in a federal habeas petition must lie at the core of habeas corpus in order to be actionable.  See Preiser v. Rodriguez, 411 U.S. 475, 487 (1973); Nettles v. Grounds, 830 F.3d 922, 931 (9th Cir. 2016), cert. denied 137 S. Ct. 645 (2017).  Specifically, habeas jurisdiction extends only to claims challenging the validity or duration of a prisoner's confinement.  See generally Muhammad v. Close, 540 U.S. 749, 750 (2004); Dominguez v. Kernan, 906 F.3d 1127, 1137 (9th Cir. 2018).  Issues related the conditions of an inmate's confinement, which do not directly affect the fact of duration of custody, must be pursued in a civil rights action.  Preiser, 411 U.S. at 499; Badea v. Cox, 934 F.2d 573, 574 (9th Cir. 1991).

Because the claims in the petition before the court, if successful, would not lead to petitioner's immediate or speedier release from custody, the petition falls outside the core of habeas corpus.  See Nettles, 830 F.3d at 934-35.  Petitioner's claims must be pursued in a civil rights action under 42 U.S.C. § 1983.  Id. at 927-28.  This conclusion is reinforced by the fact that

petitioner asks for damages. Claims for damages are neither appropriate nor available on habeas review. See Wolff v. McDonnell, 418 U.S. 539, 554 (1974).

It appears that petitioner has already filed a civil rights action addressing his medical care at the Solano County Jail. See Epperson v. Solano County Jail, Case No. 2:21-cv-0769 CKD. This case was docketed on April 28, 2021, approximately one month after the instant habeas petition. In the civil case, petitioner names "Solano County Jail Medical / Stanton," "Stanton Correctional Facility," and "Solano County Jail Medical Staff" as defendants. Although the rest of the complaint form is missing, the attachments appear to indicate that petitioner is contesting the medical treatment he has received while in the custody and/or care of defendants. He seeks damages. See ECF No. 1 in Case No. 2:21-cv-0769 CKD. Because it appears that petitioner has already initiated a civil rights action to address the issues he attempts to raise here, and plaintiff may seek to amend the civil rights complaint to add issues presented in the putative habeas petition that are not already presented in the complaint, there is no need to consider whether this habeas petition should be converted to a civil rights action.

For these reasons, it will be recommended that this action be dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 7) is GRANTED, and
2. The Clerk of Court shall:
    a. Randomly assign a United States District Judge to this action, and
    b. Serve a copy of this order and a copy of the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on Tami Krenzin, Supervising Deputy Attorney General.

IT IS FURTHER RECOMMENDED that this action be DISMISSED pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections

within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 13, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE